Ozite Corporation, Plaintiff-Appellant, v. F. C. Clothier & Sons Corp., Defendant-Appellee.

(No. 11249;

Fourth District—December 17, 1970.

Carlon and Carlon, of Normal, for appellants.

Fleming, Messman & Lapan, of Bloomington, for appellee.

Mr. JUSTICE CHAMBERLAIN delivered the opinion of the court:

The Ozite Corporation, hereinafter referred to as "seller", brought an action against the F. C. Clothier and Sons Corporation, hereinafter referred to as "buyer", for goods delivered. From a denial of full judgment, plaintiff appeals.

The defendant, in September of 1966, had received $550.00 worth of padding for carpeting. The shipment consisted of twenty rolls. The buyer shortly after receiving the goods notified the salesman for the seller that the goods were defective and asked that they be reclaimed.

For some time thereafter, the buyer was billed for the goods and in turn the buyer complained to the salesman. The salesman indicated that it was a misunderstanding and would be straightened out in the near future. The goods were neither reclaimed nor paid for.

Later, the defendant sold $115.50 of the padding. When the balance of the padding was not reclaimed the defendant destroyed it during the summer of 1968.

Plaintiff then sued defendant for the full value of the padding.

The Circuit Court entered a judgment on behalf of the plaintiff in the

amount of $115.50, but denied recovery for the value of the remaining padding. The plaintiff on appeal seeks judgment for the full value of the goods.

The plaintiff contends that full recovery should be allowed on the basis that the defendant failed to reject acceptance of the goods according to law. Further, since he destroyed them, he has responsibility to pay for them.

Defendant argues that there is no obligation to pay for the padding since notice was given that the goods were defective and that this constituted a valid rejection, and when they were not reclaimed, any further obligations were terminated.

The trial court, obviously, made a conscientious effort to do equity. However, the denial of a full judgment cannot stand. It is tempting to affirm the trial court's decision under these circumstances, but an affirmance would do violence to the statutes involved.

Section 2-602 of Chapter 26, Illinois Revised Statutes, 1965, provides: "Manner and Effect of Rightful Rejection.

(1) Rejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

(2) Subject to the provisions of the two following sections on rejected goods (Sections 2-603 and 2-604),

    (a) after rejection any exercise of ownership by the buyer with respect to any commercial unit is wrongful as against the seller; and

    (b) if the buyer has before rejection taken physical possession of goods in which he does not have a security interest under the provisions of this Article (subsection (3) of Section 2-711), he is under a duty after rejection to hold them with reasonable care at the seller's disposition for a time sufficient to permit the seller to remove them; but

    (c) the buyer has no further obligations with regard to goods rightfully rejected."

It can be argued in earnest that the buyer gave reasonable notice of rejection and consequently it had no further duties with respect to the padding. The buyer's responsibilities with respect to the goods that are rejected are set forth in Section 2-603 [1] of Chapter 26, Illinois Revised Statutes, 1965.

---

[1] Merchant Buyer's Duties as to Rightfully Rejected Goods. (1) Subject to any security interest in the buyer (subsection (3) of Section 2-711), when the seller has no agent or place of business at the market of rejection a merchant buyer is under a duty after rejection of goods in his possession or control to follow any

The defendant did not comply with that section, but proceded to sell a portion of the goods and to destroy the balance. Under Section 2-602 2a, *supra*, the exercise of ownership of these goods is wrongful as to the seller. This is precisely what the defendant did.

Once notice of rejection was made, he should have complied with the provisions of Section 2-603, *supra*. He also has options available to him to disposing of the goods in Section 2-604,[2] Chapter 26, Illinois Revised Statutes. Again, the defendant did not avail itself of these provisions.

Also, the conduct of the defendant constituted an acceptance under the provisions of section 2-606(1)(c), Chapter 26, Illinois Revised Statutes, which state:

"What Constitutes Acceptance of Goods.

(1) Acceptance of goods occurs when the buyer

* * *

(c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him."

The facts of this case are also similar to the case of *Pirie v. Carroll* (1960), 28 Ill.App.2d 181, where the court stated at pages 185 and 186:

"In the case the defendant did not either return or offer to return the goods. After he had knowledge of the diseased condition of the cattle he sold certain of the cattle for slaughter. Any act done by the buyer of goods tendered in fulfillment of a contract of sale which he would have no right to do if he were not the owner constitutes in itself as acceptance of the goods."

Therefore, the subsequent partial sale and destruction of the remain-

---

reasonable instructions received from the seller with respect to the goods and in the absence of such instructions to make reasonable efforts to sell them for the seller's account if they are perishable or threaten to decline in value speedily. Instructions are not reasonable if on demand indemnity for expenses is not forthcoming.

(2) When the buyer sells goods under subsection (1) he is entitled to reimbursement from the seller or out of the proceeds for reasonable expenses of caring for and selling them, and if the expenses include no selling commission then to such commission as is usual in the trade or if there is none to a reasonable sum not exceeding 10% on the gross proceeds.

(3) In complying with this Section the buyer is held only to good faith and good faith conduct hereunder is neither acceptance nor conversion nor the basis of an action for damages.

[2] Buyer's Options as to Salvage of Rightfully Rejected Goods. Subject to the provisions of the immediately preceding section on perishables if the seller gives no instructions within a reasonable time after notification of rejection the buyer may store the rejected goods for the seller's account or reship them to him or resell them for the seller's account with reimbursement as provided in the preceding section. Such action is not acceptance or conversion.

ing goods were acts which were inconsistent with their earlier rejection and the inconsistent acts obligated the defendant to pay for the padding in full.

Therefore, the decision of the trial court is reversed and the cause remanded with instructions to enter judgment on behalf of the plaintiff.

Reversed and remanded with instructions.

CRAVEN, P. J., and TRAPP, J., concur.